# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>v.<br><br>IGNACIO REYES-YANEZ (3),<br><br>                         Defendant. | Case No. 16cr1283-MMA-3<br>*Related Case No. 21cv415-MMA*<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Doc. No. 306] |

On August 2, 2017, a jury convicted Defendant Ignacio Reyes-Yanez of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See* Doc. No. 227. On February 26, 2018, the Court sentenced Defendant to a 180-month term of imprisonment and five years of supervised release.[1] *See* Doc. No. 260. Defendant appealed the judgment of conviction and the Ninth Circuit affirmed. *See* Doc. Nos. 261, 277, 289. Defendant, proceeding *pro se*, now moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 on multiple grounds, including ineffective assistance of trial and appellate counsel. *See* Doc. No. 306. The United States has filed a

---

[1] According to the Federal Bureau of Prisons, Defendant's current anticipated release date is April 3, 2029. *See* Bureau of Prisons Online Inmate Locator, available at https://www.bop.gov/inmateloc (last visited 9/15/2021).

response in opposition to Defendant's motion. *See* Doc. No. 314. Defendant has filed several supplemental supporting documents as well as a reply brief.[2] *See* Doc. Nos. 312, 320, 322. For the reasons set forth below, the Court **DENIES** Defendant's motion.

### BACKGROUND

As part of a greater conspiracy to import and distribute narcotics between March 22, 2015 and May 1, 2016, Defendant engaged in the negotiated sale and delivery of methamphetamine on or about December 8, 2015. Defendant was originally indicted with ten co-defendants, members of a drug trafficking organization which allegedly used internal body carriers to smuggle drugs through the Calexico, California Ports of Entry into the United States and on to El Centro, San Diego, and Los Angeles. *See* Doc. No. 1.

On January 13, 2017, a two-count superseding information was filed charging Defendant with conspiring to import 50 grams or more of methamphetamine (actual) (Count 1) and conspiring to distribute 50 grams or more of methamphetamine (actual) (Count 2). *See* Doc. No. 150. Defendant was tried on Count 2, but the jury failed to return a verdict and the Court declared a mistrial. *See* Doc. No. 195. The government elected to retry Defendant and a jury found him guilty on Count 2. *See* Doc. No. 227. The jury further found the methamphetamine Defendant conspired to distribute was more than 50 grams (actual). *Id*.

Defendant filed a direct appeal raising two grounds for relief, including prosecutorial error during rebuttal closing arguments and cross examination. *See* App. Case No. 18-50076, Doc. No. 44. The Ninth Circuit rejected Defendant's arguments and affirmed his conviction in an unpublished memorandum disposition. *See* Doc. No. 301. The instant motion followed. *See* Doc. No. 306.

//

---

[2] These supplemental documents include a motion requesting "summary judgment," *see* Doc. No. 312. Construed liberally, Defendant's motion for "summary judgment" constitutes an objection to the government's late-filed response brief. Because the Court found good cause to permit the late filing, it likewise overrules Defendant's objection thereto and accordingly **DENIES** Defendant's motion.

2

16cr1283-MMA-3

# DISCUSSION

Defendant collaterally challenges his conviction, arguing that he was unconstitutionally subjected to double jeopardy in violation of the Fifth Amendment of the United States Constitution and deprived of effective assistance of counsel in violation of the Fifth and Sixth Amendments.[3]

### 1. *Legal Standard*

If a defendant in a federal criminal case collaterally challenges his conviction or sentence, he must do so pursuant to 28 U.S.C. § 2255. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Under section 2255, a court may grant relief to a defendant who challenges the imposition or length of his incarceration on the ground that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A defendant must allege specific facts that, if true, entitle him to relief. *See United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004); *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citation omitted). The Court is not required to hold an evidentiary hearing when the issues can be conclusively decided on the basis of the existing record. 28 U.S.C. § 2255; *see United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

### 2. *Defendant's Claims*

#### a) Double Jeopardy

---

[3] Defendant also purports to bring a third claim for relief based on "disparate sentencing." Doc. No. 306 at 8. He did not provide any basis for this claim in his 2255 motion and thus the claim fails. *See, e.g.*, *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). The Court notes that in a supplemental document, filed subsequent to the United States' response brief, Defendant argues that his sentence is "unconstitutional" based on the Court's application of several offense level enhancements under the Sentencing Guidelines. *See* Doc. No. 322. However, the Court "need not consider arguments raised for the first time" or claims brought for the first time in what essentially amounts to a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)).

Defendant argues that his retrial after the first jury hung (resulting in a mistrial) violates his Fifth Amendment constitutional right to not "be twice put in jeopardy of life or limb" for the same offense. U.S. Const. amend. V. The Double Jeopardy Clause of the Fifth Amendment "protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense." *Monge v. California*, 524 U.S. 721, 727-28 (1998).

As an initial matter, the Court notes that Defendant did not raise this claim on direct appeal. *See* App. Case No. 18-50076, Doc. No. 44. "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant is in procedural default. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998). A defendant who fails to raise a claim of constitutional error on direct appeal may later challenge the issue under § 2255 only if they demonstrate: (1) sufficient cause for the default and (2) prejudice resulting from it. *Bousley*, 523 U.S. at 622; *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994). Defendant has not made a sufficient showing as to either cause or prejudice and he does not claim actual innocence. As such, Defendant has procedurally defaulted his double jeopardy claim.

In any event, Defendant's claim fails on its merits. "[A] trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which [defendant] was subjected. . . . [J]eopardy does not terminate when the jury is discharged because it is unable to agree." *Richardson v. United States*, 468 U.S. 317, 326 (1984). Although jeopardy attached when the jury was sworn, it did not end with the jury's inability to reach a verdict on the conspiracy counts. Accordingly, the second trial on the same counts and the resulting guilty verdict did not constitute double jeopardy.

        b)    <u>Ineffective Assistance of Counsel</u>

Defendant argues that he received ineffective assistance from both trial and

appellate counsel in two respects.[4]  First, Defendant contends that counsel was ineffective for failing to raise the double jeopardy argument set forth above.  Second, Defendant contends that counsel provided ineffective assistance both at trial and on appeal by failing to challenge the sufficiency of the affidavit submitted in support of wiretap applications which recorded his communications and implicated Defendant in the overarching criminal conspiracy.

Criminal defendants have a Sixth Amendment right to effective trial counsel "in order to protect the fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 684 (1984).  And the Due Process clause of the Fifth Amendment entitles a criminal defendant to effective assistance of counsel on his first appeal as of right.  *See Pollard v. White*, 119 F.3d 1430, 1435 (9th Cir. 1997).  Section 2255 provides a prisoner in federal custody under sentence of a federal court the right to move the court which imposed the sentence to vacate, set aside, or correct the sentence upon several grounds, including ineffective assistance of counsel.  *See* 28 U.S.C. § 2255; *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  Ineffective assistance of counsel requires a showing "that counsel's assistance was not within the range of competence demanded of counsel in criminal cases." *Lambert v. Blodgett*, 393 F.3d 943, 979-80 (9th Cir. 2004).

Additionally, a defendant moving for relief under § 2255 on this ground must show "not only proof of deficient performance, but also resulting prejudice." *United States v. Fabian-Baltazar*, 931 F.3d 1216, 1217 (9th Cir. 2019) (citing Strickland, 466 U.S. at 687-88).  To show prejudice, a prisoner "must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Rodriguez-Vega*, 797 F.3d 781, 788 (9th

---

[4] In a supplemental document filed subsequent to the United States' response brief, Defendant points to several additional ways in which he claims counsel performed deficiently.  *See* Doc. No. 322 at 26-28.  However, as noted *supra*, "arguments not raised by a party in its opening brief are deemed waived." *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) (citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)); *see also Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir.1996) ("Issues raised for the first time in the reply brief are waived.").

Cir. 2015) (quoting *Strickland*, 466 U.S. at 694). The court may address *Strickland*'s prongs in any order. *Strickland*, 466 U.S. at 697. As a practical matter, "[t]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

*Strickland* claims may require an evidentiary hearing to determine whether the defendant is entitled to relief. However, the Court is not required to hold an evidentiary hearing when the issues can be conclusively decided on the existing record. *See id.*; *see also United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citing *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980)). Conclusory allegations, unsupported by specific facts, are subject to dismissal without an evidentiary hearing, as are contentions that in the face of the record are wholly incredible. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). As discussed below, "nothing in the record or in the matters contained in the § 2255 motion indicates that defense counsel's actions . . . were outside the wide range of professionally competent assistance," therefore an evidentiary hearing is not warranted. *See Schaflander*, 743 F.2d at 718 (internal citations omitted).

Here, counsel was not ineffective for failing to raise a meritless double jeopardy argument; the failure to make a futile argument or a baseless objection does not constitute ineffective assistance of counsel. *See, e.g.*, *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) ("[T]rial counsel cannot have been ineffective for failing to raise a meritless objection."); *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) ("[T]he failure to take a futile action can never be deficient performance . . . .").

Likewise, counsel was not ineffective for failing to challenge the admissibility of the wiretap evidence. "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious . . . ." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Defendant has not demonstrated that any such challenge

would have succeeded.

### 3.   Conclusion

In sum, Defendant is not entitled to relief.  He procedurally defaulted his double jeopardy claim; that claim is also without merit.  Defendant's allegations regarding ineffective assistance of trial and appellate counsel are similarly meritless.  As such, the Court **DENIES** Defendant's 2255 motion.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A defendant must obtain a certificate of appealability before pursuing any appeal from a final order in a Section 2255 proceeding.  *See* 28 U.S.C. § 2253(c)(1)(B).  When the denial of a Section 2255 motion is based on the merits of the claims in the motion, a district court should issue a certificate of appealability only when the appeal presents a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The defendant must show that reasonable jurists could debate whether the issues should have been resolved differently or are "adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983), superseded on other grounds by 28 U.S.C. § 2253(c)(2)); *see also Mendez v. Knowles*, 556 F.3d 757, 771 (9th Cir. 2009).

In this case, the Court has carefully reviewed Defendant's 2255 motion and considered the whole record.  Because Defendant has not made a substantial showing of the denial of a constitutional right, and because the Court finds that reasonable jurists would not debate the denial of Defendant's motion, the Court declines to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c).

//
//
//

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion and **DECLINES** to issue a certificate of appealability.  The Court **DIRECTS** the Clerk to enter judgment accordingly in the related civil case and terminate that action.

**IT IS SO ORDERED**.

DATE:  September 15, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge